**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:17-CV-554**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **ONE 2015 DODGE CHALLENGER R/T PLUS,** | ) | |
| **VIN: 2C3CDZBT0FH724373** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| **ROSLYN SANCHEZ,** | ) | |
| | ) | |
| **Claimant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court upon four pending motions in this case. The

motions are now ripe for disposition.

## I. Background

On September 18, 2017, the Government filed a Complaint for Forfeiture *In Rem* against

a 2015 Dodge Challenger (the "vehicle"). The Complaint alleges that agents discovered, during

the course of a drug investigation, that the vehicle, while in the possession of Ramona Gales, was

used to transport chemicals used to cut cocaine and that nine ounces of cocaine were found

inside the vehicle. Gales was arrested on state drug charges, and the Government alleges that the

vehicle is subject to forfeiture under 21 U.S.C. § 881(a), (h), as a vehicle used or intended to be

used to transport or facilitate the "transportation, sale, receipt, possession, or concealment" of a

controlled substance or a raw material used for manufacturing or processing a controlled

substance.

1

The Government served individuals who reasonably appeared to be potential claimants in the vehicle and posted Notice of Civil Forfeiture on an official government internet site for at least 30 consecutive days, pursuant to Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. On December 4, 2017, Roslyn Sanchez ("Claimant"), acting *pro se*, filed a claim for the vehicle. Claimant asserted that she was the true owner of the vehicle—not her daughter, Ramona Gales. Claimant further asserted that Gales was innocent and had been wrongfully charged in the state proceedings.

On February 21, 2018, the Government filed a Motion to Strike the Claim (Doc. No. 6) on the grounds that Claimant failed to file an answer to the Complaint within 21 days of filing her claim. On March 5, 2018, Claimant responded to the Motion to Strike and again asserted her ownership interest in the vehicle. Further, Claimant stated that Gales had been found not guilty of the charges against her, and that a detective testified at her trial that "No Drugs were found in the 2015 Dodge Challenger."

On March 12, 2018, Claimant filed a *pro se* Motion to Dismiss (Doc. No. 11), claiming that Claimant was the rightful owner of the vehicle, that Gales was found not guilty of the alleged charges involving the vehicle, and that the officers testified that no drugs were found in the vehicle. On that same day, Ramona Gales filed a *pro se* Motion to Dismiss (Doc. No. 12). The Government responded to Claimant's Motion to Dismiss, and then filed a Motion to Strike Gales' Motion to Dismiss (Doc. No. 17). Claimant filed a reply in support of her Motion to Dismiss on April 25, 2018.

Additionally, Claimant filed an answer to the Complaint on March 20, 2018.

## II. Analysis

### A. Motion to Strike Claim of Roslyn Sanchez

The Court will first address the Government's Motion to Strike the Claim (Doc. No. 6).
After the Government has properly provided notice of an *in rem* action and an individual
asserting an interest in the property has timely contested the forfeiture by filing a claim, the
individual must then serve and file an answer to the complaint or a Rule 12 motion within
twenty-one days of filing the claim. Fed. R. Civ. P. Supp. R. G(5)(b). A claim may be stricken
for failing to comply with Rule G(5). Fed. R. Civ. P. Supp. R. G(8)(c)(i)(A).

"Although courts strictly adhere to these requirements and will strike a claim if a
claimant fails to file a timely answer, in certain circumstances, especially in cases where the
claimant is proceeding *pro se*, a court may excuse minor procedural failings provided the
underlying goals of the Supplemental Rules are not frustrated." *United States v. $6,357.00 in
U.S. Currency*, No. 1:11-cv-29, 2011 U.S. Dist. LEXIS 116117, at *3 (W.D.N.C. Oct. 6, 2011)
(internal citations omitted). Courts have considered the following factors in determining whether
or not to excuse a procedural error: "the claimant's good faith attempts to comply with
procedural requirements; the date upon which the claimant received notice of the pending
forfeiture action; any requests by the claimant to amend the pleadings or for an extension of
time; any reasons proffered by the claimant for the omission; and whether prejudice to the
United States will result." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664
F. Supp. 2d 97, 102 (D.D.C. 2009). Additional factors include whether the court and the
government received notice of the interest in the property before the deadline, *United States v.
Thirty-Five Firearms*, 123 F. App'x 204, 207 (6th Cir. 2005), other attempts to defend the claim
and the length of the delay caused by the procedural error, *United States v. $22,226.25 in*

*Interbank FX Account No. xxx0172*, 763 F. Supp. 2d 944, 949 (E.D. Tenn. 2011), and whether the purpose of the answer to raise "the claims and defenses which the claimant believes support the assertion of his claim to the property" has been otherwise satisfied, *United States v. $4,629.00 in U.S. Currency*, 359 F. Supp. 2d 504, 507 (W.D. Va. 2005).

Here, Claimant timely filed her claim following the Government's publication but failed to file an answer to the Complaint within twenty-one days of the filing of her claim—here, by December 25, 2017. The Court finds, however, in light of the factors listed above, that Claimant's procedural error should be excused. Claimant put the Government on notice of her claims and defenses in her initial claim, providing factual support and documentation in opposition to the forfeiture. Since the initial claim, Claimant has consistently attempted to defend her property interest, and she has since filed both a motion to dismiss the action and an answer to the Complaint. The Court further finds that the Government has not been prejudiced by the Claimant's delay, which totaled only two and a half months between the deadline to file an answer and Claimant's filing of a motion to dismiss. As a result, the Court finds that Claimant has attempted in good faith to comply with the rules and that an excuse of this procedural error will not frustrate the purposes of the Supplemental Rules.

Thus, the Court will deny the Government's first Motion to Strike.

**B. Motion to Strike Ramona Gales' Motion to Dismiss**

The Government has also filed a Motion to Strike the Motion to Dismiss filed by Ramona Gales. Under Rule G(8)(b), only a claimant who establishes standing to contest forfeiture may move to dismiss the action. Unlike Claimant, Gales did not timely file an initial claim of interest in the property, nor has she ever done so. Further, Gales concedes that the vehicle was paid for

by Claimant and that Claimant holds a lien on the vehicle. Accordingly, Gales has not established standing to contest the forfeiture.

Thus, the Court will grant the Government's second Motion to Strike.

### C. Motion to Dismiss by Claimant

As a threshold matter, the Court has already excused Claimant's procedural error of filing a delayed answer and motion to dismiss. Accordingly, the Court finds that Claimant has established standing to contest the forfeiture.

Rule G(8)(b) states that the sufficiency of a complaint in a forfeiture action is governed by Rule G(2). According to Rule G(2), the Complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." For the Government to prove that the property is subject to forfeiture because it was used to commit or facilitate the commission of a criminal offense or was involved in the commission of a criminal offense, the Government must establish by a preponderance of the evidence "that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c).

Here, Claimant's Motion to Dismiss raises factual challenges disputing the claims in the Complaint. Accordingly, Claimant relies on facts outside of the Complaint that, while relevant to the ultimate disposition of this case, are irrelevant for testing the sufficiency of the Government's Complaint at this stage of the litigation. The Complaint itself alleges that the vehicle was used to purchase chemicals for the purpose of cutting cocaine, to transport the chemicals, and to transport cocaine for a sale. If proven, these facts support a "substantial connection between the property and the offense," such that the Government would be able to meet its burden of proof at trial.

Thus, the Court will deny Claimant's Motion to Dismiss.

### III. Conclusion

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Motion to Strike Claim (Doc. No. 6) is **DENIED;**

2. The Motion to Strike Motion to Dismiss (Doc. No. 17) is **GRANTED;**

3. The *Pro Se* Motion to Dismiss by Ramona Gales (Doc. No. 12) is **STRICKEN;** and

4. The *Pro Se* Motion to Dismiss by Roslyn Sanchez (Doc. No. 11) is **DENIED.**

**SO ORDERED.**

Signed: July 23, 2018

Graham C. Mullen
United States District Judge